IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DALTON CRUTCHFIELD, JR.

     Petitioner,

v.                               No. 1:24-cv-01211-JDB-jay

UNITED STATES OF AMERICA,

     Respondent.

---

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

---

Before the Court is the motion of the Petitioner, Dalton Crutchfield, Jr., ("Petitioner"), for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Docket Entry ("D.E.") 9.) This case was initiated on September 26, 2024, by Petitioner, on a motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255. (D.E. 1.) In an order entered September 17, 2025, the Court denied Petitioner's motion, (D.E. 7), and subsequently entered judgment. (D.E. 8.) Now, Petitioner moves for reconsideration of the judgment.

A court may grant a motion under Federal Rule of Civil Procedure 59(e) "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Johnson v. Sikon*, No. 17-2359, 2018 WL 2144047, at *3 (6th Cir. Apr. 5, 2018) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). However, the Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and internal quotation marks omitted). Stated differently,

"courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citations omitted). "A district court, generally speaking, has considerable discretion in deciding" Rule 59(e) motions. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted), *reh'g denied* (Oct. 6, 2010).

Crutchfield asks the Court to reconsider its judgment "because the lawyer was ineffective for not informing Petitioner of [the] Supreme Court case of [*N.Y. State Rifle & Pistol Ass'n v.*] *Bruen*." (D.E. 9 at PageID 36.) He appears to refer to Alex Camp, who was an attorney appointed to represent Crutchfield in his criminal case before this Court, *United States v. Crutchfield*, No. 1-22-cr-10086-JDB. In the instant motion, Petitioner alleges that Camp failed to make objections and made representations about his sentence. (D.E. 9 at PageID 40.) He also argues that *Bruen* renders the statute under which he was convicted, 18 U.S.C. § 922(g)(1), unconstitutional. (*Id.* at PageID 37-39.)

These allegations do not invoke any of the four reasons for granting a motion under Rule 59(e) listed above. *Bruen* is not an intervening change in controlling law because it was not decided between the time of this Court's order denying his § 2255 motion and the instant motion.[1] Any evidence that Crutchfield mentioned in this motion is not newly discovered evidence, so it should have been raised in his § 2255 motion. Accordingly, Crutchfield seeks a second opportunity to argue his position to which he is not entitled. *See Hanna v. Marriot Hotel Servs.,*

---

[1] Almost two months after the Sixth Circuit dismissed Petitioner's appeal of his sentence on July 1, 2024, the Sixth Circuit set forth its position on § 922(g)(1) in the case of *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). The Circuit panel held that § 922(g)(1) is constitutional on its face and as applied to dangerous people. *Williams*, 113 F.4th at 662-63 (reasoning that because our nation's history and tradition affirm the disarmament of individuals believed to be dangerous, § 922(g)(1)'s ban on felons possessing firearms comports with the Second Amendment). Thus, Crutchfield's Second Amendment and *Bruen* argument in the instant motion cannot stand: the Sixth Circuit has upheld the constitutionality of § 922(g)(1) following *Bruen*. This decision is binding upon him, as a defendant convicted under § 922(g)(1). As a result, there is no intervening change in the law that can support Petitioner's motion for reconsideration.

*Inc.*, No. 3:18-cv-0325, 2019 WL 7482144, at \*1 (M.D. Tenn. Mar. 18, 2019) (citation omitted)

(holding that a "motion for reconsideration should not provide the parties with an opportunity for

a second bite at the apple").

Furthermore, the order that Petitioner asks this Court to reconsider was based upon the

valid and enforceable appeal and § 2255 waiver in his plea agreement.  (*See* D.E. 7 at PageID 33-

34.)  That plea agreement served as the grounds upon which this Court denied Petitioner's § 2255

motion, and it is sufficient grounds upon which to deny this motion for reconsideration.  The Court

needed not then and need not now discuss the substantive matters raised in the instant motion.

For the reasons set forth above, the Court DENIES the motion for reconsideration.

IT IS SO ORDERED this 9th day of October 2025.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE